**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4164**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

         v.

EDGAR ANTONIO LOPEZ-CERDA,

              Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Robert E. Payne, Senior District Judge.  (3:09-cr-00307-REP-1)

Submitted:  September 16, 2010        Decided:  October 25, 2010

Before DAVIS and KEENAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

W. Edward Riley, IV, RILEY & WELLS, Richmond, Virginia, for Appellant. Neil H. MacBride, United States Attorney, S. David Schiller, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Edgar Antonio Lopez-Cerda pled guilty, pursuant to a written plea agreement, to one count of illegal reentry after prior removal in violation of 8 U.S.C. § 1326(a)(1) (2006). The district court calculated Lopez-Cerda's advisory Guidelines range under the U.S. Sentencing Guidelines Manual (2009) at zero to six months' imprisonment and imposed a variance sentence of 12 months' imprisonment. Lopez-Cerda timely appeals his sentence, challenging the procedural and substantive reasonableness of the 12-month prison term.[*]

We review the district court's sentence, "whether inside, just outside, or significantly outside the Guidelines range," under a "deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). This review entails appellate consideration of both the procedural and substantive reasonableness of a sentence. Id. at 51. Lopez-Cerda challenges the 12-month prison sentence as procedurally and substantively unreasonable. We affirm.

We first review a sentence for significant procedural error, including failure to calculate, or improperly calculating the Guidelines range, treating the Guidelines as mandatory,

_____

[*] Although Lopez-Cerda has completed serving his term of imprisonment, this appeal is not moot because Lopez-Cerda is still subject to a one-year term of supervised release.

2

failing to consider the factors under 18 U.S.C. § 3553(a) (2006), selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence. Id. In determining whether a sentence is substantively reasonable, we "take into account the totality of the circumstances, including the extent of any variance from the Guidelines range." Id. at 51. Although we presume on appeal that a sentence within a properly-calculated Guidelines range is reasonable, see United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007), we may not presume that a sentence outside the Guidelines range is unreasonable, see United States v. Abu Ali, 528 F.3d 210, 261 (4th Cir. 2008), cert. denied, 129 S. Ct. 1312 (2009).

In reviewing a sentence outside the Guidelines range, we may "consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." Gall, 552 U.S. at 51. "[A] major departure should be supported by a more significant justification than a minor one[,] [b]ut a district court need not justify a sentence outside the Guidelines range with a finding of extraordinary circumstances." United States v. Evans, 526 F.3d 155, 161 (4th Cir.), cert. denied, 129 S. Ct. 476 (2008) (internal quotation marks and citation omitted). Even if we would have imposed a different

sentence, this fact alone will not justify vacatur of the district court's sentence.  Gall, 552 U.S. at 51.

We conclude that Lopez-Cerda's 12-month variant sentence is reasonable.  The district court heard counsel's argument on the appropriate sentence, offered Lopez-Cerda the opportunity for allocution, and thoroughly considered relevant § 3553(a) factors, namely, Lopez-Cerda's history and characteristics, the nature and circumstances of his offense, and the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment.  We find that the sentence was "selected pursuant to a reasoned process in accordance with law," and that the reasons relied upon by the district court are plausible and justify the sentence imposed.  See United States v. Pauley, 511 F.3d 468, 473-76 (4th Cir. 2007).

We accordingly affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED